**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK HUNG LE, | No. 18-56434 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-02302-WQH-RNB |
| v. | |
| M. E. SPEARMAN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 20, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District
Judge.

In February 2010, a jury convicted Petitioner-Appellant Erik Le of murder,

attempted premeditated murder, discharging a firearm from a car, and assault with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

a semi-automatic firearm. Mr. Le was sentenced to prison for 96 years to life. After an unsuccessful direct appeal in state court, Mr. Le filed a federal habeas petition. The district court denied the petition, and Mr. Le appealed. We affirm.

We review (1) de novo the district court's denial of a habeas petition and (2) for clear error any factual findings made by the district court. *See Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018). As the parties agree, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies here. AEDPA bars re-litigation of any habeas claims that have been adjudicated on the merits in state court, unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The petitioner has the burden of showing that the state court decision is objectively unreasonable. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Mr. Le asserts four grounds for relief. First, he argues that the government committed prosecutorial misconduct through misrepresentations to the court at trial. The government incorrectly accused defense counsel of asking a witness several inflammatory questions and thereby violating an in limine ruling regarding a witness's prior conviction. But the in limine ruling was not as restrictive as

government counsel represented and defense counsel had not asked the inflammatory questions—the referenced testimony had come during the government's examination of another witness. On direct appeal, the California Court of Appeal found that even if the government's accusations constituted prosecutorial misconduct, "any conceivable error, misconduct or deficiency were harmless by any standard." Although the government's comments were sloppy and may even deserve condemnation, the Court of Appeal's conclusion is nonetheless reasonable because the comments were made outside the jury's presence and did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Second, Mr. Le argues that the trial court erred by granting the government's request for a curative jury instruction based on the false assertions made against defense counsel. Unlike the government misstatements, the jury instruction was presented to the jury. The court told the jury that it "may have heard some inaccurate information regarding [a government witness's] criminal history [during cross-examination]. I would like to correct that, if it occurred, at this time." Mr. Le argues that this jury instruction cast defense counsel in a negative light by suggesting that defense counsel was responsible for the misinformation. The Court of Appeal rejected this argument on several grounds. Even if some of the Court of

3

Appeal's reasoning is problematic, its conclusion that any error was harmless is reasonable, particularly since the jury was as likely to infer that the misinformation came from the government witness—who faced credibility issues as a gang member and former co-defendant in the case—as from defense counsel. Mr. Le has not shown that the Court of Appeal's determination was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Third, Mr. Le argues that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose an email sent to the government by a government witness's ex-girlfriend that criticized the witness's credibility. The Court of Appeal concluded that there was no *Brady* violation because Mr. Le could not show that the government suppressed the email or that Mr. Le suffered any prejudice. *See Strickler v. Greene*, 527 U.S. 263, 282 (1999). Mr. Le's attorney learned of the email during trial in sufficient time to use it in his examination of the ex-girlfriend but chose not to. There was also ample other evidence of the government witness's propensity for lying. Mr. Le has not shown that the Court of Appeal's decision was unreasonable.

Finally, Mr. Le argues that he had ineffective assistance of counsel. One defense theory asserted at trial was that two other witnesses had committed the

4

alleged crimes instead of Mr. Le and his co-defendant. But defense counsel did not ask for a jury instruction regarding third-party culpability. Applying *Strickland v. Washington*, 466 U.S. 668 (1984), the Court of Appeal reasonably determined that Mr. Le was not prejudiced by this failure. The jury was properly instructed on other related issues, including instructions on the presumption of innocence, the burden of proof, and reasonable doubt. The record shows that the defense argued to the jury that individuals other than the defendants committed the charged crimes. The jury still convicted Mr. Le. There is no basis to conclude that a third-party culpability instruction would have changed this result.

**AFFIRMED.**